Argued January 10, affirmed February 14, petition for rehearing
denied March 19, 1952

## GLENCULLEN REALTY CO., Inc. *v.*
## MULTNOMAH COUNTY
### 240 P. 2d 523

*Arthur E. Prag* and *James R. Greenfield,* of Portland, argued the cause and filed a brief for appellant.

*Manche I. Langley,* Deputy District Attorney of Multnomah County, of Portland, argued the cause for respondent. With her on the brief was John B. McCourt, District Attorney of Multnomah County, of Portland.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

This is a suit for specific performance of an alleged contract between plaintiff and defendant, covering a parcel of land in Multnomah county. It is contended that, pursuant to said contract, plaintiff, as purchaser, paid to said defendant as a down payment "the sum of $564.00 at one time and the sum of $110.00 at another time, leaving a balance of $1039.72 unpaid.", and made valuable improvements on the property with the full knowledge of the defendant. Plaintiff tendered the balance of the alleged purchase price under the claimed contract. Defendant answered generally, denying the allegations of the amended complaint.

The case came on for trial before the Honorable James W. Crawford, who ruled in favor of the defendant and dismissed the amended complaint; hence this appeal. This is the second time this case has been before this court. At the first trial, Judge Crawford dismissed the complaint, whereupon plaintiff appealed. This court rendered an opinion reversing the decree, which is reported in 181 Or 395, 182 P2d 366. We held that the county was not legally bound by any contract which its land agent might have made, but, as there was an attempt to urge an estoppel against the county and none was pleaded, the case was remanded with instructions to the trial court to permit the filing of an amended complaint.

Most of the second trial was devoted toward an effort to establish a contract between plaintiff and defendant, embracing the same ground as was covered at the first trial. It is the law of the case, as settled on the first appeal, that, under the existing facts, there could be no contractual relations between the parties.

The only question remaining, then, is whether or

not the county was estopped to deny the claimed contract. The evidence shows that the improvements which plaintiff claimed were made on the property in litigation were actually made on a road without the consent or knowledge of the county, and the expense of such improvements was not borne by the plaintiff, but by Mr. Greenfield personally, secretary of the plaintiff company. The checks were drawn on Mr. Greenfield's personal account, but after they had cleared the bank, it is admitted that he noted above his signature the name of plaintiff, and placed "Sec" after his name. This was brought out on cross-examination. His explanation for this was: " * * * That was for my personal use there as a memo, who to charge the check to." There is no evidence that the checks were ever charged to plaintiff.

It appears from the evidence that the plaintiff had considerable dealings with the county and had purchased other tracts in the addition where the property involved was located, and that the road on which plaintiff claimed the improvements to have been made led to these other tracts, so that the improvements, if any, benefited the other properties owned by plaintiff.

As to the payment of $564 by plaintiff to the county, which was claimed to have been a payment on the said property, it appears that the county issued a deed to plaintiff for other property in consideration of such payment. It was brought out in the evidence that when moneys are paid into the county an official receipt is executed. Plaintiff did produce a receipt for the $564, evidencing the payment of that amount for the property to which plaintiff received a deed. No other receipt was offered.

The trial judge properly arrived at the correct result

in his opinion, and, after stating that the plaintiff was not actually out money on the transaction, said:

" * * * While there may be figures that suggest plaintiff's proposal was followed through there is so much uncertainty attaching to these figures, their origin, their purpose, their significance and their contradictions that a court of equity may not, on such uncertain showing, decree specific performance."

Affirmed.